MOTION TO DISMISS
GUIDRY, Judge.
Because an examination of this record revealed an apparent jurisdictional defect, *996 we issued, ex proprio motu, a rule to show cause why this appeal should not be dismissed due to the appellant’s failure to timely file the appeal bond required by his order of appeal dated June 27, 1977. The appellant has timely responded to the rule.
This is a suit on an open account. Judgment was read and signed in this matter in favor of the defendant on May 17,1977, and according to the record, notices of judgment were mailed to the parties on May 18,1977.
On June 27, 1977, the plaintiff moved for and was granted a devolutive appeal, returnable to this court on August 25, 1977. Bond was set at $300.00. However, the appellant did not file its appeal bond until August 22, 1977, which was later than the 60 days he had under LSA-C.C.P. Art. 2087(1) in which to perfect his appeal.
In its answer, the appellant argues that no notice of judgment was received, therefore it had, citing LSA-C.C.P. Art. 1913, 60 days from the date in which it moved for its appeal in which to file the appeal bond. We disagree. Whether or not the appellant received a notice of judgment is not important in this case, since the record shows that the matter was not taken under advisement, nor was written request for a notice of judgment filed.
Therefore, the appellant was not entitled to notice under LSA-C.C.P. Art. 1913. Under LSA-C.C.P. Art. 2087(1) the appellant’s time for perfecting its appeal began to run on May 18, 1977, and expired on July 25, 1977. Since the appellant did not perfect its appeal by filing its appeal bond by this date, its appeal must be dismissed.
The plaintiff-appellant’s appeal is hereby dismissed at its cost.
APPEAL DISMISSED.