373 So.2d 1039 (1979)
Arthur E. MARSH, d/b/a Marsh Boat Rental
v.
Dennis Beryl LUTHER.
No. 51362.
Supreme Court of Mississippi.
August 15, 1979.
*1040 Smith, Smith, Tate & Stuart, E.C. Stuart, Jr., Poplarville, G. Gerald Cruthird, Picayune, for appellant.
Reeves & Reeves, Morgan & Price, John P. Price, McComb, for appellee.
Before ROBERTSON, BROOM and COFER, JJ.
COFER, Justice, for the Court:
Appellant, Arthur E. Marsh, was sued in the Louisiana courts by Dennis Beryl Luther, appellee, who obtained judgment there. Appellee brought suit in the Circuit Court of Pearl River County on a duly authenticated copy of the Louisiana judgment. The plaintiff-appellee Luther claimed that the Louisiana judgment is entitled to full faith and credit in the courts of Mississippi, under Article IV, section 1, of the United States Constitution. This contention was denied by defendant-appellant Marsh, who also denied that the Circuit Court of Pearl River County and the Louisiana court had jurisdiction of the subject matter of the suit.
By stipulation of the parties, jury was waived in the Circuit Court of Pearl River County, and the case was submitted to the judge for decision, based on the transcript of the Louisiana proceedings and the pertinent law.
In the hearing that followed, appellee introduced what is described in appellant's abstract as the entire record in the hearing, after which appellant filed as exhibits Article 1974, Louisiana Code of Civil Procedure, Article 2123 and amendments thereto, Louisiana Code of Civil Procedure Revised Statutes, and Article 1913, Louisiana Code of Civil Procedure.
Both parties thus concluded the hearing. Motion for directed verdict was overruled, judgment was awarded in favor of appellee, and motion for new trial was overruled, and appellant has taken this appeal.
Two errors are assigned:
1. The overruling of the motion for directed verdict, and
2. The holding that the Louisiana judgment was final and entitled to full faith and credit in the Mississippi court.
The record leaves something to be desired, as we appraise it. We view it in pertinent detail. On March 15, 1977, an order was signed setting the case for trial on June 1, 1977. The record is silent as to any activity on that day, or how it was handled at the end of that day. Chronologically, there is next among the papers a letter dated August 10, 1977, filed by the clerk August 12, wherein attorney for defendant there, appellant here, requested subpoena for a witness for September 8, 1977. The subpoena was issued on August 12, 1977, for the witness to appear on the 8th day of September, 1977, to testify "in behalf of the defendant in the case now pending therein." The subpoena was returned not found on September 1, 1977. Finally, there appears judgment "read and signed" on the 12th day of September, 1977, wherein there is the following:
This cause having been heretofore tried, argued, and submitted to the court for adjudication, and for reasons orally assigned,
and
Judgment rendered in open court on this 8th day of September, 1977.
Judgment read and signed at Point a al Hache, Louisiana, this 12th day of September, 1977.
The defense here (that the judgment has never become final in Louisiana) is said to be found in three Louisiana statutes which the defendant-appellant introduced as hereinbefore shown.
These statutes read:

Article 1974. Delay for applying for new trial.
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.

*1041 When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. Article 2123. Delay for taking suspensive appeal.
Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.

Article 2123. Delay for taking suspensive appeal.
Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
Amended by Acts 1974, No. 129, § 1.
[See main volume for text of (1) to (3).] Article 1913. Notice of judgment.
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of the court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed, and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.
Amended by Acts 1961, No. 23, § 1; Acts 1968, No. 127, § 1.
Appellant says that the "Louisiana transcript reflects that this case was tried and argued on June 1, 1977... . The case was then taken under advisement and judgment was read and signed on September 12, 1977." Based upon this assertion, he correctly points out that the record from the Louisiana court does not show that a copy of the notice of the signing of the judgment was mailed to the attorney of record as required by Article 1913, supra; such notice being mandatory in a proper case, right to appeal is not extinguished; and, until the right to appeal has ended, the judgment is not entitled to full faith and credit. He cited and discussed a number of Louisiana decisions in support of his theory.
We cannot at all agree with appellant's argument. As we said above, the Louisiana transcript is silent as to the court's proceedings on June 1, 1977 (it certainly does not reflect how the case moved from June 1, 1977, to September 8, 1977). The action of appellant's own attorney in causing a witness subpoena to be issued returnable on September 8, 1977, would more reasonably support the conclusion that the cause was continued in some form until September 8, 1977, for further testimony or further proceedings, and is highly persuasive that the *1042 case was not taken under advisement for decision on June 1, 1977.
Article 1913, supra, is, we think, conclusive of the issue now before the court. The third unnumbered paragraph thereof provides:

If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record. (Emphasis added).
The last paragraph of Article 1913, supra, provides that:

Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required. (Emphasis added).
In Interstate Electric Co. v. Holmes, 350 So.2d 995 (La. App. 1977), appellant undertook to appeal from an adverse decision, claiming the appeal was timely for its failure to receive notice of the judgment from the clerk. The Court of Appeal said:
In its answer, the appellant argues that no notice of judgment was received, therefore, it had, citing LSA-C.C.P. Art., 1913, 60 days from the date in which it moved for its appeal in which to file the appeal bond. We disagree. Whether or not the appellant received a notice of judgment is not important in this case, since the record shows that the matter was not taken under advisement, nor was written request for a notice of judgment filed.

Therefore, the appellant was not entitled to notice under LSA-C.C.P. Art. 1913. (Emphasis added). (350 So.2d at 996).
To the same effect is Vignes v. Vignes, 236 So.2d 582 (La. App. 1970).
The burden of overturning the judgment of another state rests upon the party who attacks it, and there is a presumption of jurisdiction of the subject matter and parties which stands unless disproved by extrinsic evidence or by the record itself. Adam v. Saenger, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649 (1938); Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951).
The judgment of the Louisiana court was a valid final one, entitled to, and by the court correctly accorded, full faith and credit. This conclusion disposes of both assignments of error, and the lower court's decision is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.