396 So.2d 19 (1981)
GALBRAITH & DICKENS AVIATION INSURANCE AGENCY
v.
GULF COAST AIRCRAFT SALES, INC.
No. 52334.
Supreme Court of Mississippi.
March 25, 1981.
Jacob D. Guice and Robert Alan Byrd, Rushing & Guice, Biloxi, for appellant.
*20 Charles J. Weeks, Pascagoula, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
The issue in this appeal is whether or not a judgment obtained in the District Court for Tulsa, Oklahoma, is entitled to full faith and credit in the Mississippi courts. The County Court of Jackson County ruled that it was not so entitled; the Circuit Court of Jackson County affirmed. Hence, this appeal.
The appellant, Galbraith and Dickens Aviation Insurance Agency, Inc. (hereafter G & D) is a corporation organized and doing business under the laws of the State of Oklahoma. The appellee, Gulf Coast Aircraft Sales, Inc. (hereafter Gulf Coast) is a corporation organized and doing business under the laws of the State of Mississippi. On October 16, 1978, G & D brought suit in the District Court for Tulsa, Oklahoma, against Gulf Coast, seeking to recover earned but unpaid insurance premiums alleged to be due and owing. G & D's petition also contained an allegation that Gulf Coast had "solicited from [G & D] in Tulsa, Oklahoma, certain policies of aviation insurance which policies are numbered RTA 716175 and RTO 720561." The petition also alleged that Gulf Coast had wrongfully stopped payment on a check it mailed to G & D in Tulsa and demanded that Gulf Coast pay the check indebtedness.
Thereafter summons was delivered to Gulf Coast by certified mail. Gulf Coast declined to file an answer and did not otherwise make an appearance in the Oklahoma suit. On December 26, 1978 the Oklahoma court rendered a judgment by default in favor of G & D. In rendering its judgment the Oklahoma court found, inter alia, "that on or about November 22, 1976, defendant solicited from plaintiff in Tulsa, Oklahoma, certain policies of aviation insurance... ." (Emphasis added).
Seeking to enforce the Oklahoma judgment, G & D filed its declaration in the County Court of Jackson County, Mississippi. Gulf Coast filed an answer and plea in bar. The plea in bar was premised on an assertion that the Oklahoma court lacked jurisdiction over its person. The County Court held a hearing on the plea, at which hearing Ronnie Hogue, President of Gulf Coast, testified that he had not personally gone to Oklahoma to solicit the insurance upon which the Oklahoma suit was based, but that G & D had come to Mississippi for that purpose. Hogue also testified that Gulf Coast had dealt with G & D for a period of several years, that he had sent numerous checks and had made numerous phone calls to G & D, that he had filed claims with G & D and that G & D had sent him checks, based on said claims, from Oklahoma. Hogue also admitted that he sent the check on which payment was stopped to G & D in Oklahoma.
Hogue was the only witness before the County Court. After both sides rested, that court ruled that the default judgment rendered by the Oklahoma court was obtained by a misrepresentation as to Gulf Coast's solicitation of insurance at the office of G & D, and that Gulf Coast was not present, nor did Hogue, its President, solicit the insurance [on property located in Mississippi] at the office of G & D in Tulsa, Oklahoma.
The County Court sustained the plea in bar, declined to grant judgment on the Oklahoma judgment and dismissed G & D's declaration. An appeal was taken to the Circuit Court which affirmed the County Court.
We do not find it necessary to address the question whether G & D obtained jurisdiction by fraudulently misrepresenting jurisdictional facts to the Oklahoma court. The petition filed in Oklahoma is ambiguous in that regard and so is the recital of jurisdictional facts in the Oklahoma judgment. The allegation in the petition filed in Oklahoma as well as the recital of jurisdictional facts in the judgment, that Gulf Coast had "solicited from [G & D] in Tulsa, Oklahoma, certain policies of aviation insurance ...", could be interpreted to mean simply that G & D had offices in Tulsa, Oklahoma, rather *21 than that the defendant Gulf Coast, through its agent, was personally in Tulsa, Oklahoma, soliciting the policies. However, it is undisputed in the record before us that Gulf Coast did not, through Hogue, solicit the insurance in Tulsa but, to the contrary, G & D solicited the insurance from Gulf Coast in Mississippi and came here for that purpose.
On appeal to this Court, G & D contends the Oklahoma judgment is entitled to full faith and credit under Article IV, Section 1 of the United States Constitution.
It is well settled that a judgment rendered by a court of competent jurisdiction in a sister state is entitled to a presumption of validity as to that court's assumption of jurisdiction, and the burden is on the party attacking the judgment to affirmatively show its invalidity. Marsh v. Luther, 373 So.2d 1039 (Miss. 1979).
It is also a general rule that judgments entered in courts of a sister state, when sought to be made the judgment of another state, may only be attacked for lack of jurisdiction, otherwise they must be given the same effect as a domestic judgment. See generally 50 C.J.S. Judgments § 889 (1947); 47 Am.Jur.2d Judgments §§ 1214 et seq. (1969).
Other general rules are that the full faith and credit clause applies only where the judgment of a foreign state is founded upon adequate jurisdiction of the parties and subject matter, Restatement 2nd, Conflict of Laws, §§ 104, 105, pp. 315-316 (1969); extrinsic evidence is admissible in a collateral attack upon a foreign judgment to show that it is void, Restatement, Judgments, § 12, p. 69 (1942); and a judgment which is void is subject to collateral attack both in the state in which it is rendered and in other states. Id. § 11, p. 65.
In Ratner v. Hensley, 303 So.2d 41 (Fla. App. 1974), the principle was stated thusly:
The courts of this State are bound to give full faith and credit to a judgment of a sister state. This rule is subject to the principle that the courts of this State are not required to recognize the judgment of another state where the judgment was rendered by a court without jurisdiction or where it has been obtained by extrinsic fraud. This principle is in turn subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional question or the matter of fraud that the determination becomes res judicata on this point and is, itself, protected by the full faith and credit clause of the Constitution of the United States, Article IV, § 1. Therefore, a jurisdictional question cannot be relitigated a second time in another state. (Citation omitted). (303 So.2d at 44).
In the present case, the Oklahoma court assumed jurisdiction over the defendant pursuant to its long arm statutes, Oklahoma Statutes Title 12, §§ 187, 1701.03 (1971).[1] The Oklahoma courts have interpreted these statutes to extend jurisdiction of Oklahoma courts over non-residents to the outer limits permitted by the due process requirements of the Fourteenth Amendment of the United States Constitution. Jem Engineering & Mfg., Inc. v. Toomer Electrical Co., Inc., 413 F. Supp. 481 (D.C. Okl. 1976); Hines v. Clendenning, 465 P.2d 460 (Okl. 1970).
A test of that limitation is known as the "minimum contacts" rule and was pronounced by the United States Supreme Court in the case of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1942) and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In International Shoe Company, the Court said:
Historically the jurisdiction of courts to render judgment in personam is grounded *22 on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.' (326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 101-102).
Just what amounts to minimum contacts must be decided by the facts of each individual case. One test of what constitutes "minimum contacts" is whether subjecting a person to in personam jurisdiction under a given set of circumstances offends traditional notions of fair play and substantial justice.
As a general rule, one must look to the law of the state which rendered the judgment sought to be enforced to determine its validity. 47 Am.Jur. Judgments § 1236 (1969).
A study of the Oklahoma cases makes it clear to us that the Oklahoma court, if it had been advised of the jurisdictional facts now before us, would not have asserted in personam jurisdiction over Gulf Coast.
In Architectural Bldg. Components Corp. v. Comfort, 528 P.2d 307 (Okl. 1974), the Oklahoma court held that a foreign corporation which ordered goods from a domestic corporation by telephone and by mail was not subject to in personam jurisdiction of the Oklahoma court after receiving service of process under § 187 in a suit brought by the domestic corporation demanding payment for a shipment of a quantity of goods substantially less than that ordered.
Further, in CMI Corp. v. Costello Const. Corp., 454 F. Supp. 497 (D.C.Okl. 1978), that court noted that while an out-of-state seller is easily made subject to actions brought on behalf of resident purchasers or users, courts generally have been reluctant to assert jurisdiction over non-resident buyers. See also, Henderson v. University Assocites, Inc., 454 F. Supp. 493 (D.C.Okl. 1978).
In Vacu-Maid, Inc. v. Covington, 530 P.2d 137 (Okl.App. 1974), after discussing the due process question in relation to its "long arm statutes," the Court said:
... Oklahoma has made it clear that the Oklahoma long arm statutes were intended to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the due process requirements of the Fourteenth Amendment of the United States Constitution. There is no question but that in personam jurisdiction will be upheld in Oklahoma where the nonresident defendant is a seller who has shipped goods into Oklahoma, even if such shipment was an isolated or infrequent occurrence. See Vemco Plating, Inc. v. Denver Fire Clay Co., [496 P.2d 117 (Okl.)] supra. However, Oklahoma has apparently not interpreted the statute under facts similar to the case at bar, that is, where the defendant is a nonresident buyer.

Other jurisdictions, however, have dealt with the problem with varying results, depending on the facts. In general, the courts have expressed a reluctance to assert jurisdiction over a nonresident buyer. See "Automatic" Sprinkler Corp. v. Seneca Foods Corp., [361] Mass. [441], 280 N.E.2d 423 (1972); Geneva Indus., Inc. v. Copeland Constr. Corp., 312 F. Supp. 186 (N.D.Ill. 1970); Oswalt Indus., Inc. v. Gilmore, 297 F. Supp. 307 (D.Kan. 1969); Chassis-Trak, Inc. v. Federated Purchaser, Inc., 179 F. Supp. 780 (D.N.J. 1960). See also Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079 (1st Cir.1973). The reason most often given for this buyer-seller distinction is that the seller is the aggressor or initiator in the forum and by selling his product in the state he receives the benefit and protection of the forum state's laws, and hopefully profits from its business therein. Further, allowing *23 jurisdiction over "passive" buyers would tend to extinguish state lines and also to discourage out-of-state purchasers from dealing with resident sellers. See McQuay, Inc. v. Samuel Schlosberg, Inc., 321 F. Supp. 902 (D.Minn. 1971).
In the case sub judice, Gulf Coast was a passive purchaser of insurance from G & D  receiving coverage over several years and payments for losses under the policies and, it can be assumed, paying the premiums due until now. This is not enough, under Oklahoma law, to subject a citizen of this State to in personam jurisdiction of the courts of that state.
For the above reasons, the plea in bar to G & D's declaration was properly sustained.
AFFIRMED.
PATTERSON, C.J., SMITH, and ROBERTSON, P.J., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state; ...