FORET, Judge.
MOTION TO DISMISS
Because an examination of this record revealed an apparent jurisdictional defect, we issued, ex proprio motu, a rule to show cause why this appeal should not be dismissed.
The plaintiff, Ernest Keith Hebert, filed this suit against Kevin Babineaux seeking to recover damages for injuries sustained as a result of an altercation between them. On November 4,1980, the trial court signed a judgment pursuant to a jury verdict in favor of the defendant. The plaintiff filed *811 a. motion for this appeal on January 29, 1981.
Where a new trial is not timely applied for, the delay for perfecting a devolutive appeal is sixty days from the expiration of the delay for applying for a new trial. LSA-C.C.P. Art. 2087(1). The delay for applying for a new trial is seven days, exclusive of legal holidays, commencing to run on the day after judgment was signed, unless notice of judgment is required under LSA-C.C.P. Art. 1913. LSA-C.C.P. Art. 1974. Where a case is not taken under advisement and no written request for notice of judgment is filed, notice of judgment is not required. LSA-C.C.P. Art. 1913; Interstate Electric Company v. Holmes, 350 So.2d 995 (La.App. 3rd Cir. 1977).
The instant case was not taken under advisement, nor was notice of judgment requested by either party. The plaintiff did not apply for a new trial. Therefore, the sixty day delay for taking a devolutive appeal commenced to run on November 15, 1980, the day after the expiration of the delay for applying for a new trial.[1] Thus, the last day for perfecting this appeal was January 13, 1981. Clearly, the motion for this appeal, filed on January 29, 1981, was untimely.
For the above and foregoing reasons, this appeal is dismissed at plaintiff-appellant’s costs.

APPEAL DISMISSED.

. Veteran’s Day, November 11, 1980, a legal holiday, and two weekends fall within the delay for applying for a new trial and are not used to compute that delay.