LABORDE, Judge.
The appellants, Eddie Guidry, Lelia Gui-dry Menard, Ethel Guidry Guilbeau, Sidney P. Guidry and Curbs A. Guidry, have devol-utively appealed a judgment of the trial court appointing Letty Guidry Lagrange as curator and Tony James Lagrange as un-dercurator of Helena Trahan Guidry. We dismiss the appeal ex proprio motu as being untimely filed.
The judgment of the trial court appointing the curator and undercurator was signed on February 24, 1982. No application for a new trial was filed. The appeal was perfected on April 20, 1982.
LSA-C.C.P. Art. 4548 provides that an appeal from a judgment appointing or removing a curator or undercurator, or a judgment revoking a judgment of interdiction, can be taken only within thirty days from the applicable date provided in LSA-C.C.P. Art. 2087(1) — (3). LSA-C.C.P. Art. 2087(1) provides that where a new trial is not timely applied for, the 30 days to appeal begin to run from the expiration of the delay for applying for a new trial. The delay for applying for a new trial is seven days, exclusive of legal holidays, commencing to run on the day after the judgment is signed, unless notice of judgment is required under LSA-C.C.P. Art. 1913. LSA-C.C.P. Art. 1974. Where a case is not taken under advisement and no written request for notice of judgment is filed, notice of judgment is not required. LSA-C.C.P. Art. 1913; Interstate Elec. Co., Inc. v. Holmes, 350 So.2d 995, (La.App. 3rd Cir.1977).
Since this appeal involved the appointment of a curator, we hold that the thirty (30) days for an appeal must govern. The instant case was not taken under advisement, nor was notice of judgment requested by either party. The appellants did not apply for a new trial. Therefore, the *717 thirty (30) day delay for taking this appeal commenced to run on March 6, 1982, the day after the expiration of the delay for applying for a new trial.[1] Thus, the last day for perfecting this appeal was April 4, 1982. Clearly, the motion for this appeal, filed on April 20, 1982, was untimely.
For the above and foregoing reasons, this appeal is dismissed at appellants’ cost.
APPEAL DISMISSED.

. A weekend falls within the delay for a new trial and is not used to compute that delay.