433 So.2d 942 (1983)
TEMTEX PRODUCTS, INC.
v.
Cleve B. BROCK, III a/k/a Cleve B. Brock and Mrs. Jack (Libby) Forbes.
No. 53721.
Supreme Court of Mississippi.
May 18, 1983.
Rehearing Denied July 13, 1983.
*943 Young, Scanlon & Sessums, Robert L. Wells, Jackson, for appellant.
Johnston, Adams & Younger, Lem Adams, III, Brandon, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and ROBERTSON, JJ.
ROY NOBLE LEE, Justice, for the Court:
Temtex Products, Inc. (Temtex) filed suit in the Circuit Court of Rankin County, Mississippi, Honorable Henry Palmer, Special Judge, presiding, against Cleve B. Brock, III and Mrs. Libby Forbes, to enforce a default judgment rendered February 27, 1980, against them and Hearth and Home Furnishings, Inc. (Hearth & Home), a Mississippi corporation, in the sum of $39,126.17 by the Second Circuit Court of Davidson County, Tennessee. The lower court entered judgment in favor of Temtex, against Cleve B. Brock, III, for the judgment amount, and in favor of Mrs. Libby Forbes that the Tennessee judgment was not entitled to full faith and credit as to her. Temtex has appealed and Brock has cross-appealed.
Temtex is a Texas corporation with its principal offices located in Nashville, Tennessee. The corporation manufactures prefabricated fireplaces. Prior to February 27, 1980, Hearth & Home, with offices located in Pearl, Mississippi, and at the Jackson Metrocenter Mall, was engaged in the business of selling and installing fireplaces and stone facings. Brock owned twenty percent (20%) of the corporation stock and served as president and director. His sister, Mrs. Libby Forbes, owned sixty percent (60%) of the stock and served as secretary-treasurer and director, although she did not take an active part in the business. The corporation has been adjudged bankrupt and is no longer in existence.
In the latter part of 1975, a salesman from Temtex began calling upon Brock, who was operating the corporation, and in early 1976, after several contacts by Temtex with Hearth & Home, the latter corporation decided to carry the line of products offered for sale by Temtex, and Brock gave it an order. Those transactions occurred in *944 the Pearl, Mississippi, office of Hearth & Home. Several months later, Temtex invited Brock to visit the Temtex company at Nashville for the purpose of inspecting the factory and meeting other distributors. This was Brock's only visit to Tennessee and while there, no goods were purchased, no contracts or personal guarantees for credit were executed, and no financing was discussed. At that time, the parties operated on a 30-day open account basis.
The suit in Davidson County, Tennessee, after stating the claim of Temtex against Hearth & Home, charged that Brock and Mrs. Forbes, the individual defendants, negotiated with Temtex for services to be rendered to Hearth & Home; that, in order to induce Temtex to render such services, and to extend credit to Hearth & Home, the defendants entered into a general and unlimited guarantee to pay any indebtedness incurred by Hearth & Home; and that the individual defendants were liable for the amount of $31,882.63 owed by Hearth & Home.

I.
Did the evidence establish in personam jurisdiction over Mrs. Libby Forbes in the State of Tennessee under the long-arm statute of that state?
The pertinent parts of the long-arm statute, Tenn. Code Ann. § 20-2-214 (1980), which applies to this case, follow:
(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
* * * * * *
(4) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;
(5) Entering into a contract for services to be rendered or for materials to be furnished in this state; ...
The uncontradicted evidence reflects that Mrs. Forbes never signed the guaranty agreement and had never seen the instrument; that the signature was not hers; that she had never discussed such an agreement with Temtex or its representatives; and that she had never been in the State of Tennessee.
In Galbraith and Dickens Aviation Ins. v. Gulf Coast Aircraft, 396 So.2d 19, 21 (Miss. 1981), which involved the Oklahoma long-arm statute, this Court said:
It is well settled that a judgment rendered by a court of competent jurisdiction in a sister state is entitled to a presumption of validity as to that court's assumption of jurisdiction, and the burden is on the party attacking the judgment to affirmatively show its invalidity. Marsh v. Luther, 373 So.2d 1039 (Miss. 1979).
It is also a general rule that judgments entered in courts of a sister state, when sought to be made the judgment of another state, may only be attacked for lack of jurisdiction, otherwise they must be given the same effect as a domestic judgment. See generally 50 C.J.S. Judgments § 889 (1947); 47 Am.Jur.2d Judgments §§ 1214 et seq. (1969).
See also International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and other cases following International Shoe.
The Tennessee judgment was made a part of the record in the present case, but the record before the Tennessee court, together with the default order are not a part of the record here, and we do not have the benefit of the Tennessee court's finding on jurisdiction.
We are of the opinion that the appellant failed to establish that the Tennessee judgment was entitled to full faith and credit as to Mrs. Libby Forbes under the laws of the United States and the State of Mississippi, and the lower court judgment as to her is affirmed.

CROSS-APPEAL

II.
Did the evidence establish in personam jurisdiction over Cleve B. Brock, III, in *945 the State of Tennessee under the long-arm statute of that state?
Southern Machine Co. v. Mahasco Industries, Inc., 401 F.2d 374 (6th Cir.1968), stated the following test with reference to jurisdiction under long-arm statutes:
[T]hree criteria emerge for determining the present outerlimits of in personam jurisdiction based on a single act. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. 401 F.2d at 381.
In Nicholstone Book Bindery, Inc. v. Chelsea House Publishers, 621 S.W.2d 560 (Tenn. 1981), a Tennessee book binder filed suit against a New York publishing house alleging the defendants failed to make payment for printing and binding done in Tennessee by plaintiff and shipped to the defendant in New York. The Tennessee Supreme Court held that plaintiff properly brought suit in Tennessee, where the transaction began as a result of a purchase order having been sent by defendant to plaintiff in Tennessee; that it was foreseeable economic consequences would occur in Tennessee growing from the business transaction; that Tennessee was the place of performance of the customized contract; that Tennessee clearly had an interest in protecting its residents against a breach of contract by non-residents for purchases made in the state; and that it did not appear trial in Tennessee would be unfair or burdensome to the parties.
We are persuaded by Nicholstone and other cases cited therein that the Tennessee court acquired jurisdiction of Brock and that the lower court judgment here in favor of Temtex and against Brock is entitled to full faith and credit, and the judgment is affirmed as to him on cross-appeal.
AFFIRMED ON DIRECT AND CROSS-APPEALS.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
BROOM, P.J., not participating.