WALKER, Presiding Justice,
for the Court:
The question on this appeal is whether a judgment rendered in the District Court of Louisiana is entitled to full faith and credit in the courts of Mississippi. The Circuit Court of Jackson County held that it was not so entitled. From this judgment the appellant perfected its appeal and assigns the following as error:
The circuit court erred in denying full faith and credit to a Louisiana judgment by assigning a lack of minimum contacts requisite for in personam jurisdiction to attach under Louisiana’s long arm statute.
The appellant, Harmony Corporation, is a general contractor based in Baton Rouge, Louisiana and incorporated under the laws of that state. The appellee, M & M Pipe and Pressure Vessel Fabricators, Inc., (hereinafter M & M) is a Mississippi corporation with manufacturing facilities located in Pascagoula.
Harmony was submitting a bid to Exxon Company, U.S.A. for construction of a refinery in Baton Rouge. Since the job would require pipe fabrication, Harmony contacted several companies, including M & M, for price quotations. On July 2,1979, M *562 & M sent a letter to Harmony in Baton Rouge, Louisiana confirming its oral quotation. It was this quote that Harmony used in its bid to Exxon. Thereafter, Harmony was awarded the construction contract on the Exxon refinery. On August 14, 1979 Harmony, at Baton Rouge, accepted M & M’s price offer of July 2, 1979. Under the terms of the contract Harmony was to furnish M & M with all materials, except consumables, at its Pascagoula plant. M & M was required to do the fabrication and then ship the finished product to the refinery site at Baton Rouge. The agreed price was $34,260.00.
After the appellant had made partial payment in the amount of $20,000.00, a dispute arose as to the quality of the pipe. When efforts to resolve the dispute failed, Harmony filed a contractual damages action against M & M in the Nineteenth Judicial District of Louisiana. Service of process was by certified mail pursuant to Louisiana’s long arm statute. The appellee failed to appear in Louisiana and the court entered a default judgment in the amount of $83,707.00.
Harmony then brought suit in the Circuit Court of Jackson County on its Louisiana judgment. The appellee opposed the suit, asserting that the Louisiana judgment was void for lack of in personam jurisdiction.
Both parties agreed that the contract did not require M & M to perform any welding or fabrication in Louisiana.
After the hearing, the trial judge held that there was not sufficient contact for the Louisiana court to obtain in personam jurisdiction over M & M. Accordingly, he refused to enroll the judgment.
The Mississippi law relating to foreign judgments was summarized in the case of Galbraith & Dickens Aviation Insurance Agency v. Gulf Coast Aircraft Sales, Inc., 396 So.2d 19 (Miss.1981):
It is well settled that a judgment rendered by a court of competent jurisdiction in a sister state is entitled to a presumption of validity as to the court’s assumption of jurisdiction, and the burden is on the party attacking the judgment to affirmatively show its invalidity. Marsh v. Luther, 373 So.2d 1039 (Miss.1979).
It is also a general rule that judgments entered in courts of a sister state, when sought to be made the judgment of another state, may only be attacked for lack of jurisdiction, otherwise they must be given the same effect as a domestic judgment. See generally 50 C.J.S. Judgments § 889 (1947); 47 Am.Jur.2d Judgments §§ 1214 et seq. (1969).
[[Image here]]
As a general rule, one must look to the law of the state which rendered the judgment sought to be enforced to determine its validity. 47 Am.Jur. Judgments § 1236 (1969).
396 So.2d 21.
Therefore, we must look to the law of Louisiana to determine if that state would have assumed in personam jurisdiction over the appellee had it been presented with the jurisdiction issue.
The Louisiana long arm statute provides:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s:
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
[[Image here]]
(e) Having an interest in, using or possessing a real right or immovable property in this state; or
[[Image here]]
*563 (f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
[[Image here]]
(g) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
La. Revised Statutes Annot. § 13:3201 (Supp.1983).
The Louisiana Supreme Court has interpreted this statute to extend jurisdiction over nonresidents to the limit permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Company, 283 So.2d 687 (La.1973). “Business activity which will satisfy the requirements of due process will thus necessarily satisfy the ‘transacting business’ requirement of the long arm statute.” Standard Fittings Company v. Sapag, S.A., 625 F.2d 630, 641 (5th Cir.1980).
In International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1942) the United States Supreme Court held that due process is satisfied if a nonresident has certain minimum contacts with the foreign state so that the assumption of jurisdiction does not offend traditional notions of fair play and substantial justice. The Fifth Circuit Court of Appeals, in discussing the necessary “minimum contacts”, stated:
To determine whether the requirements of due process have been met, this Court looks to whether the defendant has purposefully availed himself of the benefits and protection of the forum state’s laws, whether the forum state has any special interest in exercising jurisdiction, and whether the convenience of the parties favors litigating in another state. Product Promotions, Inc. v. Cousteau, 495 F.2d 483, 494-98 (5th Cir.1974). See Standard Fittings, 625 F.2d at 641-43.
With regard to the purposeful availment prong of this test, the Product Promotions Court stated that “even if the defendant performs no physical act within the State, activities outside the State can provide adequate contacts if they have reasonably foreseeable consequences within the State.” In addition, the Court noted that “[t]he operative consideration is that the defendant’s contacts with the forum were deliberate, rather than fortuitous, so that the possible need to invoke the benefits and protections of the forum’s laws was reasonably foreseeable, if not foreseen, rather than a surprise.” 495 F.2d at 496 (footnotes omitted). (Emphasis added).
Austin v. North American Forest Products, 656 F.2d 1076, 1089-90 (5th Cir.1981). That case involved the sale of doors for use in a housing project being constructed by the corps of engineers in Fort Polk, Louisiana. Negotiations were conducted by telephone between Oregon and Michigan. An agreement was reached and confirmed by a letter sent from Oregon to Michigan. The doors were then sent by the manufacturer to Alabama. In short, the defendant’s only connection with the State of Louisiana was that it knew that the doors were intended for use in that state. The Fifth Circuit held that this was sufficient contact with the state to satisfy the requirements of due process and that Louisiana would have assumed jurisdiction under its long arm statute. The court based its decision, in part, on World Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), wherein the Court stated:
The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.
444 U.S. 297-98, 100 S.Ct. at 567.
In the instant case, M & M’s bid on the job was accepted by Harmony in Baton Rouge, Louisiana, and M & M knew that its product was intended for use in the Exxon refinery to be built in Baton Rouge. The contract required M & M to ship the prod *564 uct directly to the refinery site, and when Harmony fell behind on payment under the contract, M & M officials traveled to Baton Rouge and met with Harmony in an effort to collect.
We are of the opinion that M & M had sufficient contacts in the State of Louisiana to justify assumption of jurisdiction by the Louisiana court and that traditional notions of fair play and substantial justice were not violated and due process was satisfied.
The remaining assignment of error is without merit and warrants no discussion.
Therefore, the judgment of dismissal entered by the Circuit Court of Jackson County is reversed and this cause is remanded to that Court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.