538 So.2d 767 (1989)
Lee LAMBERT, d/b/a Lambert Used Cars, Appellant,
v.
Ellen LAWSON, Appellee.
No. 58264.
Supreme Court of Mississippi.
February 1, 1989.
*768 Joseph C. Langston, Langston & Langston, Booneville, for appellant.
W. Kurt Henke, Holcomb, Dunbar, Connell, Chaffin & Willard, Clarksdale, for appellee.
Before DAN M. LEE, P.J., and PRATHER and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
The case at bar involves an appeal from the Circuit Court of Prentiss County, Mississippi, wherein the court granted full faith and credit to a judgment rendered in Craighead County, Arkansas.
On appeal, Lee Lambert makes three assignments of error. All three assignments make essentially the same argument, that the Arkansas state court did not have in personam jurisdiction over Lambert, and that the Arkansas judgment is, therefore, not entitled to full faith and credit in this state. Ellen Lawson cross-appeals, assigning as error:
(1) THE TRIAL COURT ERRED IN OVERRULING APPELLEE'S OBJECTION TO THE LINE OF QUESTIONING PERTAINING TO APPELLANT'S BUSINESS ACTIVITIES IN THE STATE OF ARKANSAS, SINCE THE APPELLANT, BY ENTERING AN APPEARANCE IN THE ARKANSAS ACTION AND CONTESTING JURISDICTION WAS BARRED BY RES JUDICATA FROM COLLATERALLY ATTACKING THE RULING OF THE ARKANSAS COURT IN MISSISSIPPI.
(2) THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY VOIDING THE JUDGMENTS SIGNED ON JANUARY 30, 1986, AND APRIL 29, 1986, AND ENTERING A NEW JUDGMENT ON OCTOBER 31, 1986, SINCE THE GROUNDS FOR THE MOTION FILED BY APPELLANT DID NOT MEET THE REQUIREMENTS SET FORTH IN RULE 60(b) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

I.
On March 10, 1984, Ellen Lawson purchased a 1980 Oldsmobile Toronado from Cavenaugh Ford of Black Rock, Arkansas, for $8,995.00. The Toronado had been purchased by Cavenaugh from Lee Lambert, d/b/a Lambert's Used Cars, at Dealer's Automobile Auction in Horn Lake, Mississippi, on January 5, 1984. On June 11, 1984, Lawson filed suit in Circuit Court of Craighead County, Arkansas, against Lambert and Cavenaugh Ford, alleging that the defendants had altered the odometer reading on the Toronado in violation of 15 U.S.C. § 1984. Alternatively, Lawson alleged breach of warranty and fraudulent misrepresentation on behalf of the defendants.
Lambert filed a motion to dismiss and answer, alleging as affirmative defenses to Lawson's complaint that: 1) the Arkansas court had no personal jurisdiction over Lambert; and 2) that Lawson failed to state a claim for which relief could be granted. Lambert also denied the allegations of wrongdoing in the complaint. On October 23, 1984, there was a hearing on the motion to dismiss, with the court denying the motion as a result. Following the hearing, an order denying the motion was filed November 7, 1984. After the denial of this motion, Lambert filed a motion to withdraw his answer in the Arkansas proceeding. On November 8, 1984, an agreed order granting the motion to withdraw Lambert's answer was granted by the court.
On November 9, 1984, this matter came to trial in Craighead County Circuit Court, with a judgment being entered in favor of Lawson and against Lambert for damages of $10,185.00, plus $131.57 costs and $4,335.00 attorneys' fees together with interest *769 at 10% until paid. Lawson took a voluntary non-suit as to Cavenaugh Ford.
On November 21, 1984, Ms. Lawson filed suit in the Circuit Court of Prentiss County, Mississippi, seeking to enroll the Arkansas judgment and have the court afford full faith and credit to it. The suit was heard on May 23, 1985, with a final judgment entered for Lawson on January 30, 1986. On May 28, 1986, Lambert filed a motion to set aside final judgment which was granted by the court on August 15, 1986. A final judgment was re-entered for Lawson on October 31, 1986, and Lambert filed his petition for appeal on November 20, 1986.

II.
Article IV, § 1 of the U.S. Constitution provides:
Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
A concise summary of Mississippi law relating to the effect of foreign judgments can be seen in Galbraith & Dickens Aviation Ins. Agency v. Gulf Coast Aircraft Sales, Inc., 396 So.2d 19 (Miss. 1981):
It is well settled that a judgment rendered by a court of competent jurisdiction in a sister state is entitled to a presumption of validity as to that court's assumption of jurisdiction, and the burden is on the party attacking the judgment to affirmatively show its invalidity. Marsh v. Luther, 373 So.2d 1039 (Miss. 1979).
It is also a general rule that judgments entered in courts of a sister state, when sought to be made the judgment of another state, may only be attacked for lack of jurisdiction, otherwise they may be given the same effect as a domestic judgment. See generally 50 C.J.S. Judgments § 889 (1947); 47 Am.Jur.2d Judgments §§ 1214 et seq. (1969).
Other general rules are that the full faith and credit clause applies only where the judgment of a foreign state is founded upon adequate jurisdiction of the parties and subject matter, Restatement 2nd, Conflict of Laws, §§ 104, 105, pp. 315-316 (1969); extrinsic evidence is admissible in a collateral attack upon a foreign judgment to show that it is void, Restatement, Judgments, § 12, p. 69 (1942); and a judgment which is void is subject to collateral attack both in the state in which it is rendered and in other states. Id. § 11, p. 65.
... .
As a general rule, one must look to the law of the state which rendered the judgment sought to be entered to determine its validity. 47 Am.Jur. Judgments § 1236 (1969).
Galbraith, 396 So.2d at 21-22; see also Harmony Corp. v. M & M Pipe and Pressure Vessel Fabricators, Inc., 441 So.2d 561, 562 (Miss. 1983) (quoting Galbraith).
Lee Lambert filed an answer and motion to dismiss in the Arkansas Circuit Court. There was a hearing on the matter of personal jurisdiction in which Lambert appeared through counsel. After the hearing, the motion was denied. Lawson argues that because the issue of personal jurisdiction was litigated fully, Lambert may not litigate it again here. Lambert ignores the Arkansas determination and seeks to argue whether or not the Craighead County Circuit Court had personal jurisdiction over him. One must look to Arkansas law and procedure to determine whether Lambert is barred again from raising the question of personal jurisdiction. Galbraith, 396 So.2d at 22.
The Arkansas Rules of Civil Procedure were adopted by the Arkansas Supreme Court by per curiam order, effective July 1, 1979. Ark.R.Civ.P. 1 (Publisher's Notes) Until that time, when a person wished to object to in personam jurisdiction, he used a devise known as a special appearance. Cotton v. Cotton, 3 Ark. App. 158, 162-163, 623 S.W.2d 540, 543 (Ark. Ct. App. 1981). The Federal Rules of Civil Procedure long ago abandoned the former distinction between special and general appearances for the purpose of challenging jurisdiction or *770 venue. Harrison v. Prather, 404 F.2d 267 (5th Cir.1968); Griffin v. Abbott, 68 F.R.D. 241 (E.D.Tenn. 1975); Arkansas-Best Freight System, Inc. v. Youngblood, 359 F. Supp. 1115 (W.D.Ark. 1973). With the passage of Ark.R.Civ.P. 12(b), modeled on its federal counterpart, the special appearance became obsolete. "One important feature of this section is that it abolishes the distinction between general and special appearances; thus it is not (is not) necessary to make a special appearance in order to challenge the jurisdiction of the person, process, or venue." Ark.R.Civ.P. 12 (Reporter's Note 7) Rule 12 allows a defense such as a lack of in personam jurisdiction to be asserted in a responsive pleading, and Lambert did this when he included in his answer a motion to dismiss.
When one makes an objection based on Ark.R.Civ.P. 12(b)(2), the objection is preserved for purposes of appeal. However, there is no provision that the issue of personal jurisdiction, once litigated, may be litigated again in another state's court. Lambert could have appealed the finding of the Arkansas trial court through the appellate courts of that state. He could have stayed in Mississippi, allowed a default judgment to have been taken against him, and then litigated the issue of personal jurisdiction for the first time in this state's courts. But he cannot litigate the issue of personal jurisdiction in Arkansas, lose, and attempt to litigate it here a second time. Restatement (Second) of Judgments § 27 (1982); Monark Boat Co. v. Fischer, 292 Ark. 544, 732 S.W.2d 123 (1987).
As to Lawson's second assignment of error, we find that the trial judge did abuse his discretion in setting aside the final judgment. However, we find that this abuse amounts to harmless error. Miss.R.Civ.P. 61. The judgment of the trial court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.