Charles H. Albers, Successor Receiver of the Service State Bank, Appellee, v. Gustav Bramberg et al., Defendants. Gustav Bramberg, Appellant.

Gen. No. 40,831.

Opinion filed February 26, 1941.

WHITTY & McGAH, of Chicago, for appellant; WILLIAM E. MORAN, of Chicago, of counsel.

JETZINGER & QUINN, of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

A complaint at law was filed by plaintiff, Charles H. Albers, successor receiver of the Service State Bank, against defendants, Gustav Bramberg, Daniel V. Harkin, Laurance H. Mills, William F. Siewart, Albert F. Keeney and Hjordis Krabol, administratrix of the estate of Olaus Krabol, deceased, predicated upon an instrument in writing dated December 9, 1929, wherein said defendants guarantied the payment of certain obligations of the Service Investment Trust to the Service State Bank. The case was tried by the court without a jury and a judgment for $20,413.85 was entered January 16, 1939, in favor of plaintiff and against all the defendants except Laurance H. Mills, who had theretofore been adjudicated bankrupt. Defendant Gustav Bramberg appeals.

Plaintiff's complaint alleged substantially that on December 9, 1929, the defendants executed a written guaranty in and by which they unconditionally guarantied the payment of any and all loans which had been theretofore made or might thereafter be made during the life of such guaranty by the Service State Bank to the Service Investment Trust to the extent of $30,000; that relying upon defendants' guaranty, the Service State Bank lent the Service Investment Trust $9,000 on September 18, 1931, $6,000 on October 3, 1931, and $6,000 on December 9, 1931, and that only $617.31 had been paid on said loans; that each of the loans was evidenced by a note payable to the Service State Bank and signed by the "Union Bank of Chicago, as trustee under the provisions of a Trust Agreement dated the 5th day of February, 1924, and known as Trust No. 411, to bind the trust estate and not individually, by Francis H. Hayes, Vice President"; and that the Service State Bank was closed by the auditor of public accounts of the State of Illinois on January 20, 1932. Plaintiff asked judgment for the balance due on the notes, together with interest thereon, and for attorney fees.

Summons was issued May 20, 1937, and the sheriff's return thereon shows that personal service was had upon all the defendants except Gustav Bramberg (hereinafter for convenience sometimes referred to as defendant) and as to him the sheriff certified that he was "not found in my county."

An alias summons was issued October 4, 1937, and this summons was returned by the sheriff as having been served upon Gustav Bramberg by leaving a copy of same "at his usual place of abode in my County with Lucille Haverstuhl (maid), a person of his family of the age of ten years or upwards and informing such person of the contents thereof, on the 11th day of November, 1937, and also by sending through the United States Post Office, on the 11th day of November, 1937, a copy of the within writ in a sealed envelope, with postage fully prepaid, addressed to the said defendant at such usual place of abode."

Bramberg filed a special appearance on December 3, 1937, for the sole purpose of filing a motion to quash the service of summons.

On December 8, 1937, Bramberg filed his motion to quash the service of summons, supported by the affidavits of Lucille Haverstuhl and Rudolph W. Bramberg.

Lucille Haverstuhl's affidavit is as follows:

"Lucille Haverstuhl, being first duly sworn, on oath, deposes and says that she is the same Lucille Haverstuhl who was served with a summons in the above entitled cause for Gustav Bramberg, defendant therein, on November 11, 1937.

"Affiant further says that she is a maid employed by Rudolph Bramberg at the said Rudolph Bramberg's home at 1201 North Oak Park Avenue, Oak Park, Illinois.

"Affiant further says that Gustav Bramberg, during the period in which she had been employed at said address, has never lived at said address.

"Affiant further says that the last time she saw the said Gustav Bramberg at that address was during the month of April in 1937, at which time the said Gustav Bramberg was a visitor at said address.

"Affiant further says that she is not a member of the family of Gustav Bramberg, and further, was never employed by Gustav Bramberg, in any capacity."

Rudolph Bramberg's affidavit is as follows:

"Rudolph Bramberg, being first duly sworn, on oath, deposes and says that he is the son of Gustav Bramberg the defendant in the above entitled cause.

"Affiant further says that he resides, and for the past eight years has resided, at 1201 North Oak Park Avenue, Oak Park, Illinois; that said address is not now, nor ever has been, the usual abode of Gustav Bramberg.

"Affiant further says that during the past eight years, the said Gustav Bramberg has never resided at said address, and that the last time affiant saw Gustav Bramberg was in the month of April, 1937, at which time the said Gustav Bramberg was a visitor at affiant's home.

"Affiant further says that Lucille Haverstuhl is a maid employed by affiant at the above address."

Plaintiff filed no counter affidavits and defendant's motion to quash the service of summons was summarily denied.

Thereafter defendant filed an answer and a trial was had with the result heretofore stated.

Several reasons are urged by the defendant for the reversal of the judgment but we deem it necessary to consider only his contention that the court had no jurisdiction of his person because no summons had been served upon him in accordance with the statute.

Section 13 of the Civil Practice Act (par. 137, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.013]) provides as follows:

"Except as otherwise expressly provided herein, service of summons upon an individual defendant in

any civil action shall be made (1) by leaving a copy thereof with the defendant personally or (2) by leaving such copy at his usual place of abode, with some person of the family, of the age of ten years or upwards, and informing such person of the contents thereof, provided that the officer making such service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at such usual place of abode; the certificate of such officer that he has sent such copy in pursuance of this section shall be evidence that he has done so.''

Section 48 of the Civil Practice Act (par. 172, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.048]) contains the following provisions:

''Defendant may, within the time for pleading, file a motion to dismiss the action or suit, where any of the following defects appear on the face of the complaint, and he may within the same time, *file a similar motion supported by affidavits where any of the said following defects exist but do not appear upon the face of the complaint:*

''(a) That the court has not jurisdiction of the person of the defendant.'' (Italics ours.)

Rule 21 of the Rules of Practice and Procedure of the Supreme Court is as follows:

''Where, after denial by the court of a motion under section 48 of the Civil Practice Act, the defendant pleads over, this shall not be deemed a waiver of any error in the decision denying such motion, and the defendant shall have the right to assign such error on appeal from the final judgment. This rule shall extend to the case where the motion is one attacking the jurisdiction of the court over the person made under a special appearance, and the pleading over by the defendant has involved the entry on his part of a general appearance.''

Even a casual reading of the foregoing sections of the Civil Practice Act makes it readily apparent that defendant's challenge of the validity of the service of

the summons was in accordance with the provisions of such act.

The return of the sheriff on the summons that he served same by leaving a copy thereof with the maid, Lucille Haverstuhl, at the usual place of abode of defendant is evidence of the facts stated in such return but not conclusive evidence. If the facts stated in the sheriff's return were untrue defendant had the right to show that they were not true. By filing a special limited appearance and his motion, supported by the affidavits heretofore set forth, to quash the service of the summons, defendant fully complied with the provisions of the statute pertaining to "a motion to dismiss the action" because "the court has not jurisdiction of the person of the defendant."

In the absence of counter affidavits or any evidence other than the sheriff's return, we think that the affidavits of Lucille Haverstuhl and Rudolph Bramberg filed in support of the motion to quash show clearly and conclusively that such summons was not left at the usual place of abode of defendant with some member of his family "of the age of ten years or upwards."

As has been seen, Lucille Haverstuhl, to whom the summons for defendant was delivered by the sheriff, stated in her affidavit that she was employed as a maid by Rudolph Bramberg at his home, 1201 North Oak Park avenue, Oak Park, Illinois; that during the period in which she was employed at the said address, defendant Gustav Bramberg never lived at that address; that the last time she saw Gustav Bramberg at that address was in April, 1937, when he was a visitor there; that she was never employed by Gustav Bramberg in any capacity; and that she is not and was not a member of his family when the summons was delivered to her.

Rudolph Bramberg's affidavit stated that he is the son of Gustav Bramberg; that he resides and has re-

sided for the past 8 years at 1201 North Oak Park avenue, Oak Park, Illinois; that said address is not now and never has been the usual place of abode of Gustav Bramberg; that during the past 8 years Gustav Bramberg never resided at that address and that the last time affiant saw defendant Gustav Bramberg was in April, 1937, when his father was a visitor at his home; and that Lucille Haverstuhl is a maid employed by affiant at the above address.

The facts asserted in these affidavits were not denied by the deputy sheriff who served the summons or by any other person by affidavit or otherwise, and, in our opinion, the service here was wholly insufficient to give the trial court jurisdiction of the person of defendant. Where the court has no jurisdiction its judgment is void. The defendant could not have been served legally in the manner attempted except at his own usual place of abode and by delivering a copy of the summons to some person of his family.

Plaintiff insists that, because defendant filed an answer to the complaint and participated in the trial of the cause after his motion to quash the service of summons had been denied, he cannot raise the question of jurisdiction now. Defendant, on the other hand, points out that under the provisions of the Civil Practice Act and the rule of the Supreme Court, heretofore set forth, he did not waive his right to contest the jurisdiction of the court by filing his answer and entering upon the trial after his motion attacking the jurisdiction of the court had been overruled. In the case of *In re Estate of Rackliffe,* 366 Ill. 22, the Supreme Court in passing upon this identical question said at p. 28:

"Under paragraph 3 of section 43 and section 48 of the Civil Practice act the appellant had a right to file a motion attacking the jurisdiction, together with such other motions as were desired to be made,

and under rule 21 of this court she did not, by entering on the trial, waive the error in the refusal of her motion attacking the jurisdiction.

" . . . By going to trial after the circuit court overruled her motion to dismiss the proceedings against her for want of jurisdiction, appellant did not forfeit her right, on appeal, to assign error as to the overruling of her motion or to try the question of jurisdiction of the probate and circuit courts."

We are impelled to hold that the trial court erred in overruling defendant's motion to quash the service of summons and that the court had no jurisdiction of the person of the defendant Gustav Bramberg.

In the view we take of this case we deem it unnecessary to consider the other points urged.

The judgment of the circuit court is reversed as to defendant Gustav Bramberg as is the order denying his motion to quash the service of summons and the cause is remanded with directions to sustain his motion to quash the service of summons.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.