Angelo Chiaro, Plaintiff, v. Theodore Lemberis, et al., Defendants.
Theodore Lemberis for Use of Angelo Chiaro, Appellee, v. The Phoenix Insurance Company, a Corporation, Appellant.

Gen. No. 48,022.

First District, Third Division.
November 23, 1960.
Rehearing denied December 28, 1960.

Berchem, Schwantes & Thuma, of Chicago (John J. Ryan, of counsel) for appellant.

Arthur S. Gomberg, of Chicago (Samuel Nineberg, of counsel) for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

A default judgment was entered in favor of Angelo Chiaro (hereafter referred to as the plaintiff) against Theodore Lemberis (hereafter referred to as the defendant), in a suit brought to recover damages occasioned by the alleged negligence of the defendant in driving his automobile. Garnishment proceedings were instituted against The Phoenix Insurance Company, the public liability insurance carrier of the defendant (hereafter referred to as the garnishee). The garnishee's motion to quash the garnishment proceedings was overruled, and a judgment was entered against the garnishee in the amount of the judgment against the defendant. The garnishee takes this appeal from the judgment against it.

The garnishee contends that the trial court erred in entering judgment against it inasmuch as the judgment against the principal defendant was void, the court lacking jurisdiction of the person of the defendant.

The plaintiff had brought suit in the Municipal Court of Chicago against the defendant. A summons was directed to be served upon the defendant at a certain address. It was returned "not found." An alias summons was thereupon issued directing the bailiff to serve defendant at 1118 South Morgan Street. That summons was returned bearing the endorsement of the bailiff that the defendant was served with summons at his "usual place of abode" by delivery of a copy of the summons to his wife on September 8, 1956 and that a copy of the summons was mailed to the defendant at his "usual place of abode, 1848 So. Kedzie Ave.," Chicago, on September 10, 1956. A default was taken against the defendant and on September 23, 1958 an ex parte judgment was entered in favor of the plaintiff and against the

defendant in the amount of $2,681 and costs. An execution against the defendant was returned "not found." On October 17, 1958 garnishment summons was served upon the garnishee. A special appearance was filed for the garnishee by its attorneys. The return date of the garnishment suit was October 27th, and on that day the garnishee, under its special appearance, filed a motion to quash the writ and in its supporting affidavit sets out that the judgment against the defendant in favor of the plaintiff is void because there was no service upon the defendant. This motion was brought up before the judge then sitting in the garnishment branch of the Municipal Court. The garnishee in its brief states that the judge in the garnishment court told counsel that a motion should be filed first to vacate the principal judgment, and the judge in the garnishment court continued the motion to quash generally. Thereupon the garnishee brought a motion to vacate the principal judgment in another branch of the Municipal Court. In its motion the garnishee set up that at the time the summons was left with defendant's wife at 1848 South Kedzie Avenue the defendant was living separate and apart from her and he did not live or maintain his usual place of abode at the said address. An affidavit was filed, in which the deponent stated that she was the former wife of the defendant, that they were divorced in June, 1958, and that at the time of the alleged service of the summons the defendant lived separate and apart from her and did not "live, reside, or maintain an abode at 1848 South Kedzie Avenue" where she resided. She further denies that any summons was given her in this or any other lawsuit which named the defendant. The court on March 11, 1959 denied the motion to vacate the judgment, and thereupon in the garnishment court the garnishee's motion to quash was overruled. The garnishee then filed an answer, and judgment was entered against the gar-

nishee for the full amount of the principal judgment on December 17, 1959, and it is from that judgment that this appeal is taken.

It is elementary law that where the court lacks jurisdiction of the subject matter or parties any judgment which it may enter is void and may be vacated at any time. The attack may be either direct or collateral, and the doctrines of laches and estoppel do not apply. Ward v. Sampson, 395 Ill. 353, 359, 70 N.E.2d 324. If the application to vacate the judgment is made to the court that rendered it within thirty days after its entry, it is a direct attack upon the judgment or decree; if made after the expiration of thirty days, it is a collateral attack. Barnard v. Michael, 392 Ill. 130, 135, 63 N.E.2d 858. A garnishee defendant has the right and duty to show as a defense in the garnishment proceedings that the principal judgment upon which garnishment proceedings are based is void for want of the court's jurisdiction over the principal defendant. O'Toole v. Helio Products, Inc., 17 Ill.App.2d 82, 149 N.E.2d 795; Pierce v. Carleton, 12 Ill. 358, 362; First Nat. Bank of Palatine v. Hahnemann Institutions of Chicago, Inc., 356 Ill. 366, 370, 190 N. E. 707.

It is not clear to us why the judge sitting in the garnishment court did not on the motion to quash permit the garnishee to raise its defense of the court's lack of jurisdiction in entering the principal judgment. That would seem to have been the appropriate procedure. However, the court did not do so, and the garnishee, on direction of the court, went before another judge with a motion to vacate the principal judgment. The plaintiff now contends that since no appeal was taken from the order of that branch court refusing to vacate the principal judgment the matter is res judicata and the garnishee is thereby precluded from arguing here that the garnishment court erred in entering judgment against it.

169

We do not feel that such contention is tenable. The issue before the judge in the garnishment court was as to whether or not it could properly proceed to judgment on the garnishment suit brought by the plaintiff against the garnishee. In that court, by its motion to quash, the garnishee raised the question of the jurisdiction of the court which had entered the principal judgment. The judge in the garnishment court continued the motion to quash and referred the garnishee to another forum. In accordance with that directive the garnishee went before another judge and argued the motion to vacate the principal judgment, which motion was overruled.

The garnishee then, apparently in accordance with the procedure prescribed for him, went back to the garnishment court where his motion to quash had been continued. The court, in reliance on the judgment entered in another branch of the same court refusing to vacate the principal judgment, denied the garnishee's motion to quash. The garnishee, by direction of the court, then filed an answer and the court entered judgment against the garnishee in the full amount of the principal judgment.

In our view of the case the hearing on the motion to vacate the judgment, which motion could and should have been properly decided by the garnishment court, was ancillary to the garnishment proceedings and to garnishee's motion to quash, over all of which the garnishment court retained jurisdiction when he directed that the motion to vacate the principal judgment be taken up before another branch of the court. The only interest that the garnishee had in the jurisdiction of the court in the principal judgment was to prevent a judgment being entered against it in the garnishment proceedings. It had a right to raise this question and have it determined. If the question had been decided where it properly should have been—before the garnishment court—no question con-

170

cerning the garnishee's failure to appeal from the order of the Municipal Court denying the petition to vacate the principal judgment could have been raised. In the present state of the record it is equally untenable. Considering the record as a whole, the court's order refusing to vacate the principal judgment was at the best interlocutory in its nature. These proceedings, anomalous as they were, bring before us the propriety of the court's action in denying the motion to vacate.

Under section 13.2 of Rule 1 of the Municipal Court of Chicago the defendant may be served by leaving a copy of the summons "at his usual place of abode, with some person of the family, of the age of 10 years or upwards, and informing that person of the contents thereof," and it further provides that a copy of the summons shall be sent addressed to the defendant at his usual place of abode.

▉▉▉▉▉ It is elementary law that where substituted service is attempted to be made under the statutory provisions those provisions must be observed to the very letter. Boyland v. Boyland, 18 Ill. 551. Such compliance must affirmatively appear on the record. Here, according to the affidavit of the former wife of the defendant, upon whom the bailiff's return showed the substituted service had been made, the defendant at the time of such service was separated from her and he did not have the same abode. The return of the sheriff or bailiff on a summons cannot be lightly set aside, and it has been held that where the return is that the defendant was personally served that return cannot be impeached by the evidence of the defendant alone. Davis v. Dresback, 81 Ill. 393. However, in the case of substituted service a different rule applies. Here when the serving officer attests that the place where the summons was served was the defendant's usual place of abode he is attesting to

171

a matter outside of his own personal knowledge. The recital in the return that the place where the summons was served was the defendant's usual place of abode cannot be accepted as proof, nor can it be treated as evidence, of that fact. Trust Co. v. Sutherland Hotel Co., 389 Ill. 67, 73, 58 N.E.2d 860; Lewis v. West Side Trust & Sav. Bank, 377 Ill. 384, 36 N.E.2d 573. That portion of the return may be attacked by an affidavit, and where there is in the record no counteraffidavits contradicting it such affidavit will be taken as true. Hiram Walker Distributing Co. v. Giacone, 339 Ill. App. 279, 89 N.E.2d 748; Mahler v. Segel, 333 Ill. App. 138, 76 N.E.2d 795; Abelson v. Steffke Freight Co., 1 Ill.App.2d 461, 118 N.E.2d 26; Albers v. Bramberg, 308 Ill. App. 463, 32 N.E.2d 362. The court was in error in denying the garnishee's motion to vacate the principal judgment and that error invalidated the judgment entered in the garnishment court in favor of the plaintiff and against the garnishee.

Plaintiff also urges that, because the garnishee was present by its attorney at the time the original judgment was entered against the principal defendant, this court cannot consider the garnishee's contention that the trial court should have sustained its motion to vacate the judgment. After the default order was entered against the principal defendant the plaintiff mailed to the defendant a notice of motion to file an amended statement of claim. A notice was also mailed to the garnishee and its attorneys. The garnishee did not enter any appearance in the principal case, and again notice of a prove-up against the principal defendant was served upon the attorneys for the garnishee. There is nothing in the record showing that the garnishee either had the duty or the right to provide attorneys for the principal defendant under the terms of its policy of insurance. The record shows

that at the time when counsel for the garnishee, in response to the notice served upon him, appeared in court and objected to the entry of the principal judgment, the court told him that he had no standing in court, presumably because he had filed no appearance, nor was there any showing that he was anything other than a volunteer. At that stage of the proceedings neither the garnishee nor its attorney had any right to intervene in the prove-up proceedings taken on the default of the principal debtor. These facts in no way detract from the garnishee's right to attack the jurisdiction of the court over the person of the principal defendant at the time the principal judgment was entered. The principal judgment was not a valid judgment.

The judgment in favor of the plaintiff, Angelo Chiaro, against the garnishee, The Pheonix Insurance Company, is reversed, and the order overruling the garnishee's motion to quash the garnishment proceedings is reversed and judgment entered here quashing the garnishment proceedings.

Reversed and judgment here.

SCHWARTZ, P. J. and DEMPSEY, J., concur.