MOUNT HOLLY SUNOCO, RUDOLPH J. SCHOBERT, RICHARD TITKO AND PAULETTE C. TITKO, PLAINTIFFS-RESPONDENTS, v. EXECUTIVE COMMERCIAL SERVICES, LTD., A CORPORATION OF THE STATE OF ILLINOIS, DEFENDANT-APPELLANT, AND ALLSTATE TRANSMISSIONS CENTERS CORP., A/K/A STERLING TRANSMISSIONS CO., A/K/A WILLIAM CLEARY, INDIVIDUALLY, AND ROBERT BOGEN, INDIVIDUALLY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1978—Decided December 28, 1978.

Before Judges ALLCORN, SEIDMAN and BOTTER.

*Mr. Robert M. Dangel* argued the cause for appellant (*Messrs. Schulze, Wood, Tapper & Dangel,* attorneys).

*Mr. Norman Shabel* argued the cause for respondents.

The opinion of the court was delivered by

BOTTER, J. A. D. Leave of court having been granted, Executive Commercial Services, Ltd. (Executive) appeals from the denial of its motion for summary judgment. By that motion Executive sought to bar plaintiffs' action on the grounds that a prior judgment obtained by Executive against plaintiffs in an Illinois court is entitled to full faith and credit in New Jersey and that, by reason of *res judicata,* such judgment precludes the relief sought by plaintiffs against Executive in this action. The subject matter of the Illinois action and this New Jersey action, as it involves Executive, is a financing transaction, guaranteed by the individual plaintiffs, in which plaintiffs and Executive entered into a lease agreement with an option to purchase certain equipment to be supplied by codefendant Allstate Transmissions Centers Corp.

The Illinois action was commenced first. There, Executive, an Illinois corporation, sued Paulette Titko and Mount Holly Sunoco, a partnership consisting of Rudolph Schobert and Richard Titko, for moneys due on the lease-option agreements. By their attorney, said defendants, hereafter referred to collectively as Mt. Holly Sunoco, entered a "limited and special appearance" to contest the jurisdiction of the Illinois court over them. Promptly thereafter Mt. Holly Sunoco also filed this action in New Jersey seeking to rescind the agreements between Executive and Mt. Holly Sunoco by reason of fraud of Allstate Transmissions Centers Corp. allegedly perpetrated as agents for and with the knowledge of Executive. Mt. Holly Sunoco sought to enjoin Executive from entering or enforcing in this State

any judgment it may obtain against Mt. Holly Sunoco in Illinois.[1]

Mt. Holly Sunoco's motion to dismiss the Illinois action for want of *in personam* jurisdiction was rejected by the Illinois court. The trial judge held, in part, that Mt. Holly Sunoco had sufficient minimum contacts in Illinois to sustain the assertion of jurisdiction over such nonresident defendants. Mt. Holly Sunoco did not seek to appeal that ruling. Nor did it defend the action on the merits with the right later to appeal the adverse ruling as to jurisdiction, should its defense on the merits also have failed, as afforded by Illinois Civil Practice Act, *Ill. Ann. Stat.*, c. 110, § 20 (Smith-Hurd).[2]

---

[1] By an amended complaint other defendants were added to the action and various damage claims were asserted against them.

[2] The comments to this rule are as follows:

Joint Committee Comments

This section is new and is based in part upon Rule 66 of the Iowa Rules of Civil Procedure. It permits objections to the jurisdiction of the court over the person of the defendant, but provides that taking part in further proceedings, in the event objections to jurisdiction of the person are overruled, is a waiver of all error in ruling against the defendant unless the objection is on the ground that the defendant is not amenable to process issued by a court of this state. Thus cases tried on the merits after objections to jurisdiction over the person are overruled may no longer be reversed on appeal for mere technical defects of summons, service or return (e. g. Albers v. Bramberg, 308 Ill. App. 463, 32 N. E. 2d 362 (1st Dist. 1941). On the other hand, the section protects the substantial rights of defendants by permitting them to raise the question of lack of jurisdiction of the person and, if the objection is the fundamental one that the defendant is not amenable to process, to proceed to trial without waiving any error in the ruling on the objection. Merely technical objections which are overruled, even though erroneously, are waived by the defendant's taking part in further proceedings.

The provision that a special appearance may be made as to part and not all of a proceeding is new and is especially important because of the extension of personal jurisdiction made by revised section 17.

In the circumstances of this case we have no doubt that the judgment of the Illinois court is *res judicata* as to that court's jurisdiction over Mt. Holly Sunoco. If no appearance had been made in the Illinois action, Mt. Holly Sunoco would have been free to litigate the jurisdictional issue in this action. *N. J. S. A.* 2A:82–4; *James v. Francesco,* 61 *N. J.* 480, 485 (1972). See generally, *Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Cafe,* 566 *F.* 2d 861, 863 (2 Cir. 1977).[3] Having litigated the jurisdictional issue in Illinois, that issue cannot be relitigated and collaterally attacked in New Jersey. *John Simmons Co. v. Sloan,* 104 *N. J. L.* 612 (E. & A. 1928), citing *Chicago Life Ins. Co. v. Cherry,* 244 *U. S.* 25, 37 *S. Ct.* 492, 61 *L. Ed.* 966 (1917) ; see *People v. Coe Mfg. Co.,* 10 *N. J. Misc.* 1161, 1164 (Sup. Ct. 1932), aff'd 112 *N. J. L.* 536 (E. & A. 1934), *cert.* den. 293 *U. S.* 576, 55 *S. Ct.* 89, 79 *L. Ed.* 674 (1934) ; *Restatement, Conflicts of Law,* 2d, § 96 at 289 and § 97 at 293 (1971).

A special appearance does not give a defendant the right to litigate jurisdiction and ignore the outcome with impunity. It merely protects against waiver of the jurisdictional defense which would otherwise flow from a general appearance. As stated in *Baldwin v. Iowa State Traveling*

---

[3]However, this course of conduct has the added risk that the judgment of the Illinois court would be entitled to full faith and credit in this State if it is determined that the foreign court had personal jurisdiction over defendants in that action. In that event a judgment in favor of Executive based upon a contract implicitly found valid in the Illinois action would be *res judicata* as to the issue of the contract's validity, and that issue could not be raised in an action brought to enforce the foreign judgment. See *Wayside Transp. Co., Inc. v. Marcell's Motor Express, Inc.,* 284 *F.* 2d 868, 871 (1 Cir. 1960), where the court said:

* * * [if] such a judgment is *res judicata* for the purpose of suit upon it, clearly it must also be *res judicata* when interposed in defense of a suit on the same cause of action in another jurisdiction by the judgment debtor against the one who obtained the judgment.

*Men's Ass'n,* 283 *U. S.* 522, 51 *S. Ct.* 517, 75 *L. Ed.* 1244 (1931) :

It is of no moment that the appearance was a special one expressly saving any submission \* \* \*. The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction.

\* \* \*

Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause. [283 *U. S.* at 524–526, 51 *S. Ct.* at 518, 75 *L. Ed.* at 1246, 1247]

See also, *Durfee v. Duke,* 375 *U. S.* 106, 84 *S. Ct.* 242, 11 *L. Ed.* 2d 186 (1963) ; *Treinies v. Sunshine Mining Co.,* 308 *U. S.* 66, 60 *S. Ct.* 44, 84 *L. Ed.* 85 (1939) ; *Davis v. Davis,* 305 *U. S.* 32, 59 *S. Ct.* 3, 83 *L. Ed.* 26 (1938) ; *In re Universal Display & Sign Co.,* 541 *F.* 2d 142 (3 Cir. 1976) ; *Wayside Transportation Co., Inc. v. Marcell's Motor Express, Inc.,* 284 *F.* 2d 868 (1 Cir. 1960) ; *Durlacher v. Durlacher,* 35 *F. Supp.* 1005 (D. Nev. 1940), rev'd on other grounds, 123 *F.* 2d 70 (9 Cir. 1941), *cert.* den. 315 *U. S.* 805, 62 *S. Ct.* 633, 86 *L. Ed.* 1204 (1942) ; *Cascade Chemical Coatings, Inc. v. Wellco Chemical Products Co.,* 15 *Ill. App.* 3d 1056, 305 *N. E.* 2d 595 (App. Ct. 1973), *cert.* den. 419 *U. S.* 841, 95 *S. Ct.* 72, 42 *L. Ed.* 2d 69 (1974) ; *Shultz v. Keystone Fireworks Mfg. Co., Inc.,* 185 *Pa. Super.* 245, 137 *A.* 2d 906 (Super. Ct. 1958).

Accordingly, the trial judge erred in denying appropriate relief to Executive on its motion for summary judgment.[4] We remand the case to the trial court for the entry of a judgment consistent with this opinion, and for further proceedings, including the disposition of other open issues in the case.

Reversed and remanded.

---

[4] A copy of the motion for summary judgment has not been included in the record on this appeal, but we are told that Executive sought a dismissal of plaintiffs' action against it. Executive's answer to the complaint in this action asserted as an affirmative defense that the Illinois court had prior jurisdiction over the subject matter of this action and that a judgment that may be entered in that court will be *res judicata* and entitled to full faith and credit. Executive also filed a counterclaim in this action prior to the entry of judgment in the Illinois court. The counterclaim asserted plaintiffs' liability to Executive on the basis of the underlying transaction and the personal guarantees signed by plaintiffs. Executive cross-claimed against co-defendants seeking indemnification and filed a claim for contribution as well. The record before us does not show that Executive sought to amend its pleadings in this action so as to sue on the judgment entered in the Illinois court. While our disposition precludes plaintiffs' claim against Executive, an affirmative judgment in favor of Executive cannot be entered unless and until the pleadings are amended to reflect a claim based on the Illinois judgment.