MONARK BOAT COMPANY *v.* Alfred J. FISCHER, d/b/a SALT FORK MARINA

87-34                                              732 S.W.2d 123

Supreme Court of Arkansas
Opinion delivered June 29, 1987

*Arnold, Hamilton & Streetman,* by: *William S. Arnold,* for appellant.

*Bailey, Trimble & Sellars,* by: *Peter O. Thomas, Jr.,* for appellee.

DAVID NEWBERN, Justice. The principal issue presented in this appeal is whether a party against whom a judgment has been rendered in Ohio, and who contested the matter of personal jurisdiction there, may assert lack of personal jurisdiction of the Ohio court when the judgment is sought to be registered in Arkansas. Other issues are: whether the court erred in failing to register a judgment in favor of the appellant rendered on its counterclaim in the Ohio proceedings; whether the court erred in

admitting the Ohio court's "findings of fact and conclusions of law" into evidence in the registration proceeding; and whether the trial court erred in considering Ohio law as to interest on the judgment to be registered absent separate, written, notice to the appellant that it would be considered.

We find no error because: (1) the Ohio court's determination that it had personal jurisdiction of the appellant was *res judicata*, and thus binding on the appellant in the Arkansas registration proceeding; (2) the court did not err in failing to register the judgment rendered on the counterclaim, as there was no request by the appellant that it do so; (3) the "findings of fact and conclusions of law" were contained in a document which was self-authenticated in accordance with the Arkansas Rules of Evidence, and thus its admission into evidence was not improper; and (4) there was no error in considering Ohio law on interest because the appellee's pleading was sufficient to notify the appellant it would be considered.

The appellant manufactured boats in Arkansas and shipped them to Ohio where they were purchased by the appellee, a dealer. The appellee sued the appellant in an Ohio court, alleging that the appellant had, on one occasion, shipped its product to the appellee on a trailer, and that the trailer was returned to the appellant loaded with an engine owned by the appellee which later was converted by the appellant to its own use. The engine apparently was intended to be used by the appellee in a boat which was to be manufactured by the appellant, but was instead used by the appellant for its own purposes. A judgment was entered in favor of the appellee by the Ohio court for conversion in the amount of $5,250. On its counterclaim, the appellant received a judgment in the same proceeding for $383.04 "on plaintiff's [appellee's] account." The judgment for the appellant appeared in a separate paragraph and was not the basis of a set-off against the appellee's judgment.

The appellee sought, in the Drew County Circuit Court, to register the judgment in its favor pursuant to the Uniform Enforcement of Foreign Judgments Act, codified as Ark. Stat. Ann. §§ 29-801 through 29-818 (Repl. 1979). The appellant opposed registration, contending that the Ohio court had lacked personal jurisdiction of the appellant. The circuit court held that

the Ohio court had jurisdiction of the appellant because the appellant had sought affirmative relief there by its counterclaim. The judgment was ordered registered and entered awarding the appellee $7,456, consisting of $5,250 principal, $2,104 interest, and $101.85 court costs (apparently rounded to the nearest dollar).

### 1. Res judicata

■ We need not get to the arguments of the parties over whether the court properly asserted jurisdiction of the appellant on the basis that the appellant had sought affirmative relief in the Ohio court or had been doing business there in a manner sufficient to invoke the Ohio long arm statute. When the appellant appeared in the Ohio court to contest the matter of whether that court had personal jurisdiction of it, it subjected itself to the jurisdiction of that court to determine that issue. The decision of the Ohio court that it had jurisdiction of the appellant was binding on the appellant, and while it could have appealed that decision, it could not attack it in a collateral proceeding, such as the one before us now, because of the doctrine of *res judicata*. *Baldwin* v. *Iowa State Travelling Men's Association*, 283 U.S. 522 (1931); *Mount Holly Sunoco* v. *Executive Commercial Services, LTD.*, 164 N.J. Super. 429, 396 A.2d 1155 (1978); Restatement (Second) of Judgments § 81 (1982); Restatement (Second) of Conflicts of Laws § 96 (1971); *Developments in the Law — State Court Jurisdiction*, 73 Harv. L. Rev. 909 (1960).

### 2. The appellant's judgment

■ The Ohio court issued a judgment in favor of the appellant on its counterclaim against the appellee, and the appellant contends that that judgment should have been registered by the Arkansas court because it was a part of the judgment the appellee sought to have registered. The difficulty with that argument is that the appellant did not ask that the court register the judgment in its favor. We will not reverse the trial court for failure to award relief for which no request was made. *Story* v. *American States Insurance Company*, 288 Ark. 257, 704 S.W.2d 162 (1986).

### 3. Admissibility of findings and conclusions

The appellant contends the trial court erred in admitting the Ohio court's findings of fact and conclusions of law because they had not been properly authenticated. This point is significant because in its findings of fact and conclusions of law, but not in the judgment sought to be registered, the Ohio court concluded that it had jurisdiction of the "case" pursuant to Ohio Civil Rule 4.3(A)(1), which is a "long arm" provision dealing with establishment of personal jurisdiction by service of process on non-residents of Ohio who transact business in Ohio. It is this finding or conclusion we hold, in Point 1 above, binding on the appellant in these proceedings.

The appellant contends that Ark. R. Civ. P. 44(a)(1) permits authentication of a record of another state only by official publication or by an attested copy accompanied by a certificate that the officer has official custody of the document, and there is no such certificate of custody accompanying the findings and conclusions document. Arkansas Rules of Evidence 902, however, describes certain documents as "self-authenticated." They include, at A.R.E. 902(4), "[a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office . . . certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1). . . ." Paragraph (1) permits introduction without extrinsic evidence of authenticity of domestic documents under seal, including "[a] document bearing a seal purporting to be that of . . . any state . . . or of a political subdivision, officer, or agency thereof, and a signature purporting to be an attestation or execution."

The document in question here bears a seal purporting to be that of the Common Pleas Court of Guernsey County, Ohio, and it bears a certification that it is a true copy of the original, signed by a person purporting to be the Clerk of Courts, Guernsey County, Ohio. We have no doubt that the document was a self-authenticating one, and that no extrinsic evidence of its authenticity was required. It was thus admissible as an official record.

## 4. *Judicial notice of foreign law*

The appellant's final point is that Ark. R. Civ. P. 44.1 requires that a party who intends to raise a matter of foreign law must give written notice, and that it was thus error for the trial court to apply the Ohio ten percent interest rate to the judgment, as no notice had been given the appellant that the appellee intended to rely on the Ohio law in that respect.

In his pleading the appellee sought registration of the Ohio judgment pursuant to Ark. Stat. Ann. § 29-801, *et seq.* The Uniform Registration of Foreign Judgments Act encompasses §§ 29-801 through 29-818. While the use of the term "*et seq.*" is an inartful means of making reference to the codification of the entire act, we find it was sufficient notice to the appellant that the appellee would proceed according to all of the act's provisions. Section 29-814, in pertinent part, provides: "When a registered foreign judgment becomes a final judgment of this state, the court shall include as part of the judgment interest payable on the foreign judgment under the law of the state in which it was rendered . . . ." By notifying the appellant that registration of the Ohio judgment was sought pursuant to the act, the appellee placed the appellant on notice it could expect interest to be levied in accordance with the law of Ohio.

Affirmed.