**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0754-22

MICHAEL WISEBERG, ESQ.,

    Plaintiff-Respondent,

v.

SUSAN CHANA LASK,

    Defendant-Appellant.

_____

> Argued November 20, 2024 – Decided March 25, 2025
>
> Before Judges Mayer and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-000679-19.
>
> Susan Chana Lask, appellant, argued the cause pro se (John T. Bazzurro, on the briefs).
>
> Michael Wiseberg, respondent, argued the cause pro se.

PER CURIAM

    Defendant Susan Chana Lask appeals from the May 31, 2022 Law Division order reinstating plaintiff Michael Wiseberg, Esq.'s complaint and

entering final judgment against defendant, and the September 23, 2022 order denying defendant's motion for reconsideration of that order.[1]  We affirm.

## I.

As a preliminary matter, we note defendant failed to provide the transcript of the May 27, 2022 proceeding that resulted in the May 31, 2022 order on appeal.  An appellant must include in the appendix on appeal the pleadings and "such other parts of the record . . . as are essential to the proper consideration of the issues, including such parts as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised."  R. 2:6-1(a)(1)(A) and (I).  The record on appeal must also include the transcripts of the proceedings before the trial court, which is the appellant's obligation.  R. 2:5-3(a) and -4(a).

A party's failure to provide the record on appeal required by the Rules of Court hinders any ability to conduct proper appellate review.  See, e.g., Johnson v. Schragger, Lavine, Nagy & Krasny, 340 N.J. Super. 84, 87 n.3 (App. Div. 2001).  The trial court record is so essential to determination of issues raised on

---

[1]  Defendant's amended notice of appeal indicates she is also appealing from an October 7, 2022 order, but she did not address this order in her brief.  Because defendant made no substantive argument with respect to this order, we consider her appeal from that order waived.  "[A]n issue not briefed is deemed waived."  Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025).

appeal that appellate courts are not "obliged to attempt review of an issue when the relevant portions of the [trial court] record are not included" on appeal. Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005).

Without benefit of the May 27, 2022 transcript, we glean the following pertinent facts and procedural history as reflected in the record before us and the trial court's January 3, 2023 amplification filed pursuant to Rule 2:5-1(d).

On January 14, 2019, plaintiff filed a complaint alleging defendant, an attorney not licensed to practice law in New Jersey, retained him to perform legal services. The parties' November 8, 2018 retainer agreement listed a Cliffside Park address defendant provided to plaintiff.[2] At defendant's request, the retainer agreement stated all communication between the parties was to be through the email address she provided.

Plaintiff alleged he worked on defendant's case until he was terminated six days later. On November 16, 2018, plaintiff invoiced defendant for twenty-three hours at a billable rate of $200 per hour, for total costs of $4,600. Defendant indicated she would not remit payment, so that same day, plaintiff

---

[2] The Cliffside Park street address was followed by "#73" but did not indicate this number referred to a post office box.

sent the invoice and a pre-action notice (PAN) pursuant to <u>Rule</u> 1:20A-6[3] to defendant via the designated email address and regular and certified mail, return receipt requested, to the address in the retainer agreement. Both postal mailings were returned to plaintiff, with the regular mail including a handwritten notation "refused."

---

[3] <u>Rule</u> 1:20A-6 provides:

> No lawsuit to recover a fee may be filed until the expiration of the [thirty-]day period herein giving Pre-Action Notice to a client; however, this shall not prevent a lawyer from instituting any ancillary legal action. Pre-Action Notice shall be given in writing, which shall be sent by certified mail and regular mail to the last known address of the client, or, alternatively, hand delivered to the client, and which shall contain the name, address and telephone number of the current secretary of the Fee Committee in a district where the lawyer maintains an office. If unknown, the appropriate Fee Committee secretary listed in the most current New Jersey Lawyers Diary and Manual shall be sufficient. The notice shall specifically advise the client of the right to request fee arbitration and that the client should immediately call the secretary to request appropriate forms; the notice shall also state that if the client does not promptly communicate with the Fee Committee secretary and file the approved form of request for fee arbitration within 30 days after receiving pre-action notice by the lawyer, the client shall lose the right to initiate fee arbitration. The attorney's complaint shall allege the giving of the notice required by this rule or it shall be dismissed.

A-0754-22

Plaintiff's complaint alleged breach of contract and sought $4,600 plus costs and interest. Plaintiff attempted to serve the summons and complaint on defendant via regular and certified mail, return receipt requested, to the Cliffside Park address, but the mailings were returned to plaintiff marked "not deliverable as addressed."

On February 1, 2019, plaintiff attempted service of the summons and complaint via regular and certified mail, return receipt requested, to an address in Fort Lee.[4] The mailings were again returned to plaintiff marked "not deliverable as addressed."

The following month, plaintiff attempted service of the summons and complaint via regular and certified mail, return receipt requested, to defendant's law office in New York City. The United States Postal Service provided delivery confirmation the mailing was delivered on April 1, 2019 and signed for by an individual, but the confirmation does not note the name or address of the recipient. Nevertheless, it appears the court filed the confirmation as proof of service of the summons and complaint.

---

[4] It is not readily apparent from the record why plaintiff attempted to serve defendant at this address.

A-0754-22

On May 7, 2019, plaintiff filed a request to enter default, which was denied for failure to provide an affidavit of military service pursuant to Rule 1:5-7.

On May 31, 2019, plaintiff moved to enter default judgment, which defendant opposed. Both parties personally appeared in court for argument on August 23, 2019. The court denied plaintiff's motion because "plaintiff did not attach the [PAN] to plaintiff's complaint." On the record, the judge then confirmed plaintiff hand delivered the PAN to defendant in court, defendant acknowledged receipt of it "and averred she [would] be requesting arbitration."

Plaintiff timely moved for reconsideration of the resulting August 27, 2019 order,[5] and defendant cross-moved to dismiss the complaint. After considering argument, the court denied both motions and ordered the case to proceed through arbitration in an October 2, 2019 order.

In an attached rider, the court explained it "agreed with plaintiff that the [PAN] did not have to be attached to the motion to enter default." However, the court "did not reinstate the complaint[] because . . . the court [was] unable to find that plaintiff's [PAN] mailed to the defendant was, in fact, served upon

---

[5] Plaintiff did not provide this order.

defendant via certified or regular mail," and therefore service was not effected "until personal service in court was made on August 27, 2019."[6]

The court also denied defendant's cross-motion to dismiss the complaint "other than to reflect that the matter is dismissed without prejudice and is not in default." The court noted that, in the future, plaintiff was to serve defendant at the post office box she provided "on the record on August 27, 2019."[7]

On June 28, 2021, the District Fee Arbitration Committee (DFAC) ruled in favor of plaintiff and against defendant for $4,600, and forwarded the award to the parties on August 6, 2021.

On August 18, 2021, plaintiff moved to reinstate his complaint, which was denied as premature because thirty days had not yet elapsed from the date of defendant's receipt of the arbitration award pursuant to Rule 1:20A-3(e).

On September 20, 2021, plaintiff again moved to reinstate the complaint, which defendant did not oppose. Unaware that defendant had appealed the arbitration award to the Disciplinary Review Board (DRB), the court granted the

---

[6] This date appears to be an error, because the parties appeared in court on August 23, 2019.

[7] This date appears to be an error, because the parties appeared in court on August 23, 2019. Plaintiff did not provide a transcript of the August 23, 2019 proceeding, so it is unclear whether the address provided by defendant that day was the Cliffside Park address noted in the retainer agreement.

motion, reinstating the complaint by order dated October 1, 2021 and entering a $4,600 judgment against defendant on October 5, 2021.

After the DRB reaffirmed the DFAC's ruling on February 18, 2022, plaintiff again moved to reinstate the complaint and enter final judgment. On March 8, 2022, the court denied the motion because thirty days had not passed since the DRB's appellate determination, citing Rule 1:20A-3(e).

On March 21, 2022, plaintiff again moved to reinstate the complaint and enter final judgment, which defendant opposed. Although defendant did not file a cross-motion, she sent correspondence requesting the court deny plaintiff's motion, vacate the October 1, 2021 order and October 5, 2021 judgment, and dismiss plaintiff's complaint with prejudice.

By order dated May 31, 2022, the court granted plaintiff's motion, reinstated the complaint, and entered a $4,600 final judgment against defendant. The accompanying rider vacated the October 1, 2021 order and October 5, 2021 judgment because, at the time they were entered, defendant's appeal of the arbitration award was pending with the DRB and therefore the orders were entered prematurely.

The trial court rejected defendant's contention she was not served with the motion, noting defendant had not complied with Rule 1:4-1(b), which requires

all pro se filings to indicate the party's name, residence address and telephone number above the caption.[8]

The court also rejected defendant's lack of jurisdiction argument, finding "defendant affirmatively sought arbitration on this matter up through and including her appellate rights. Having availed herself of the fee arbitration process, defendant [was] subject to the court rule allowing the reduction of the arbitration determination to a judgment after [thirty] days per Rule 1:20A-3(e)."

As the court explained in its amplification:

> Th[e trial] court concluded all of defendant's rights were preserved in this case save one—defendant's right to evade service should the court require a new, R[ule] 4:67-1 complaint to be filed. Defendant's rights to appear in court; file and object to motions; right to fee arbitration and appeal the fee arbitration decision have all been preserved, protected and exercised. The singular reason to require a new complaint to be filed would be to allow defendant the opportunity to evade service.
>
> The efficiencies of court and the interests of justice are met by allowing the judgment subsequent to the fee arbitration decision to be docketed under this docket number as opposed to the necessity of filing a new complaint.

---

[8] Defendant disputed this rule applied to her because her filings were by "special appearance."

Defendant timely moved for reconsideration and for other relief not at issue on appeal. On September 23, 2022, the trial court denied the motion for reconsideration, finding it "present[ed] no new arguments that were not previously available to defendant prior to the entry of the court's order dated May [31], 2022."

On appeal, defendant raises four arguments for our consideration: (1) the trial court erred by reinstating a complaint that was void ab initio and deprived the court of subject matter jurisdiction; (2) the trial court erred by reinstating a void complaint in violation of Rule 1:20A-3(e), which undermined her due process rights to file defenses, a counterclaim and for a stay; (3) the trial court also lacked personal jurisdiction over defendant because she was never served and only appeared by special appearance to dismiss the complaint and vacate default judgment; and (4) the trial court's amplification is inaccurate, erroneous and shows reinstatement was improper and Rule 4:67 was ignored.[9]

## II.

We review a trial court's decision on a reinstatement motion for abuse of discretion. Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007). We

_____

[9] To the extent defendant relies on unpublished decisions, we decline to consider them because "[n]o unpublished opinion shall constitute precedent or be binding upon any court." R. 1:36-3.

likewise review a trial judge's decision on a motion for reconsideration under Rule 4:49-2 under this same standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citation omitted).

"'An abuse of discretion "arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

Reconsideration is generally limited to instances where: "1) [the court] has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Id. at 301 (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)). "Reconsideration cannot be used to expand the record and reargue a motion. Reconsideration is only to point out 'the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.'" Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (quoting R. 4:49-2).

Because defendant's arguments hinge on the court's August 27, 2019 dismissal of the complaint, we begin our review with that decision. Plaintiff

commenced this action to recoup fees he claimed due and owing under the retainer agreement, which defendant disputed.

"'[B]efore an attorney can file suit against a client to recover a fee, the attorney must notify the client of the availability of fee arbitration' by sending the client a PAN." Kopec v. Moers, 470 N.J. Super. 133, 163 (App. Div. 2022) (quoting Saffer v. Willoughby, 143 N.J. 256, 264 (1996)). When an attorney files an action seeking attorney's fees and "does not allege that he or she gave the client notice of the availability of the Fee Arbitration Committee proceedings," the action "must be dismissed." Mateo v. Mateo, 281 N.J. Super. 73, 80 (App. Div. 1995); see also R. 1:20A-6.

According to the trial court's rider and amplification, the court granted plaintiff's reconsideration motion in part because it acknowledged the dismissal was based on the judge's mistaken belief that plaintiff was required to attach the PAN to his motion to dismiss. On reconsideration, the court "agreed with plaintiff that [the PAN] did not have to be attached to the motion to enter default." For reasons stated on the record, which was not provided to us, the court maintained the dismissal of the complaint without prejudice in favor of arbitration. The rider explained the complaint remained dismissed because the court was "unable to find that plaintiff's [PAN] mailed to defendant was, in fact,

12

served upon defendant via certified or regular mail. Both the certified and regular mail were returned." Although this order is not on appeal, we note Rule 1:20A-6 only requires a plaintiff to send the PAN "by certified mail and regular mail to the last known address of the client." Here, plaintiff sent the PAN to the address defendant provided him two weeks earlier.[10]

Nevertheless, the court dismissed the complaint in favor of arbitration after defendant was hand-served with the PAN and "averred she w[ould] be requesting arbitration."

On this record, we are unpersuaded the dismissed complaint was void ab initio. While we are unconvinced there was a fatal defect in the complaint related to service of the PAN, any defect was cured by hand delivery. The purpose of the PAN is to provide notice of the availability of arbitration, which "is designed to afford a client a 'swift, fair and inexpensive' method to resolve fee disputes." Kamaratos, 360 N.J. Super. 76, 86 (App. Div. 2003) (quoting Saffer, 143 N.J. at 263). Here, defendant availed herself of that process.

---

[10] While defendant's briefs repeatedly refer to the Cliffside Park address as a "false address," this same address is indicated on the retainer agreement, the DFAC determination letter and the eCourts filing system as of October 22, 2022.

A-0754-22

Once the arbitration determination was final, plaintiff had a right to judgment on that decision, whether through an existing stayed complaint or a new Rule 4:67 summary proceeding. Rule 1:20A-3(e) provides:

> If an action for collection of the fee is pending when the client's written request for arbitration is filed under Rule 1:20A-3(a) and is stayed thereby pending a determination by the Fee Committee, the amount of the fee or refund as so determined may be entered as a judgment in the action unless the full balance due is paid within [thirty] days of receipt of the arbitration determination. If no such action is pending, the attorney or client may, by summary action brought pursuant to Rule 4:67, obtain judgment in the amount of the fee or refund as determined by the Fee Committee. . . .

The judge here found that the distinction between a stayed complaint and a dismissed complaint was of no consequence, and we agree. Either way, upon reinstatement, defendant had the opportunity to defend, counterclaim, or otherwise respond to the complaint. While a plaintiff may institute a new summary action pursuant to Rule 4:67, the rule did not require him to do so in this instance.

Defendant's contention she was denied due process because she did not have the opportunity to assert defenses or counterclaims is unpersuasive, and her reliance on Saffer is misplaced. In Saffer, the Court created a procedure to

14

resolve issues arising when a client discovers legitimate malpractice claims during the pendency of a fee arbitration:

> When during the pendency of a fee arbitration and after the thirty-day period for withdrawal has elapsed, a client discovers a substantial malpractice claim against the former lawyer, we direct the Fee Committee, pursuant to Rule 1:1-2, to relax Rule 1:20A-3(b)(1) to permit the client to have a new thirty-day window of opportunity to withdraw the request for arbitration. The window of opportunity commences the day the client discovers the substantial malpractice claim within the meaning of Grunwald v. Bronkesh, 131 N.J. 483, 494 (1993). Rule 1:20A-3(b)(1) will not be relaxed, however, if the basis for a substantial malpractice claim is known to the client before the thirty-day withdrawal period expires.
>
> [143 N.J. at 268.]

Defendant could have raised her claim of inaccurate or fraudulent billing during the fee arbitration, as those are issues within the purview of the DFAC. Upon discovering plaintiff's alleged legal malpractice, defendant could have withdrawn her request for arbitration and pursued her claims, defenses or counterclaims in court. However, she elected to continue with the fee arbitration process. And, as the trial court noted, defendant may pursue an affirmative malpractice claim independent of the fee arbitration decision. Because defendant was afforded due process, we are unconvinced the trial court's reinstatement of the complaint constituted an abuse of discretion.

15

Defendant next argues she was not properly served with the complaint and summons, and therefore the court lacked jurisdiction to enter judgment. We disagree.

Even if plaintiff's service of the summons and complaint on defendant by certified and regular mail under Rule 6:2-3 was insufficient, "not every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable." Rosa v. Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992). As long as the defendant has been afforded due process, "technical violations of the rule concerning service of process do not defeat the court's jurisdiction." Id. at 463. "The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review." City of Passaic v. Shennett, 390 N.J. Super. 475, 485 (App. Div. 2007) (quoting Borough of Keyport v. Maropakis, 332 N.J. Super. 210, 220 (App. Div. 2000)). Adequate notice has been deemed "reasonable notice of the nature of the proceedings" which requires "such notice as is in keeping with the character of the proceedings and adequate to safeguard the right entitled to protection." Ibid. (quoting Borough of Keyport, 332 N.J. Super. at 221).

In addition, a defendant may be estopped from challenging service of process by his or her conduct after being notified of the action, or where a

16

defendant had actual knowledge of the lawsuit and participated in it or received notice of the judgment's entry.  Wohlegmuth v. 560 Ocean Club, 302 N.J. Super. 306, 311-12 (App. Div. 1997); Rogan Equities, Inc. v. Santini, 289 N.J. Super. 95, 112-13 (App. Div. 1996).

"A special appearance does not give a defendant the right to litigate jurisdiction and ignore the outcome with impunity.  It merely protects against waiver of the jurisdictional defense which would otherwise flow from a general appearance."  Mount Holly Sunoco v. Exec. Com. Servs., Ltd., 164 N.J. Super. 429, 433 (App. Div. 1978).

Here, defendant, asserting a "special appearance," opposed several motions and appeared for oral argument.  She elected to submit to fee arbitration and was afforded the opportunity to object to the entry of judgment.  She had adequate notice of the proceedings and the opportunity to be heard.  Thus, we find no error in the trial court's determination any technical defect in service was adequately cured by defendant's participation in this case as well as her voluntary decision to proceed via fee arbitration.

Defendant's reliance on Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433 (1952), is mistaken.  We held Driscoll "has never been understood as precluding the correction of technical defects in the service of process nor even

17

understood as requiring relief from a judgment based on insufficient service of process where the defect did not amount to a deprivation of due process." Tatham v. Tatham, 429 N.J. Super. 502, 519 (App. Div. 2013).

Lastly, defendant repeatedly claims the trial court's amplification mischaracterizes the record. She provides no citations to her appendix or any transcripts to rebut the court's factual recitation or amplified reasons for its decisions. Thus, we find no merit to her arguments.

To the extent we have not expressly addressed any issues raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division